UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLEEN HUDSON-REEVES,

    Plaintiff,

v.                                Case No.:  2:23-cv-1058-JLB-KCD

NEW YORK PIZZA & PASTA,
INC.,

    Defendant.
                                     /

## REPORT & RECOMMENDATION

Plaintiff Colleen Hudson-Reeves moves for a final default judgment against her employer Defendant New York Pizza & Pasta, Inc. (Doc. 10.)[1] According to the complaint, Defendant violated the Family & Medical Leave Act ("FMLA") by effectively demoting Plaintiff after she was hospitalized and requested FMLA leave. (Doc. 1 ¶¶ 6-14.) For relief, Plaintiff seeks back-pay, liquidated damages, and reinstatement to her former shift. (Doc. 10.) She also demands her attorneys' fees spent pursuing this matter. (*Id.*) Having reviewed the motion and complaint, default judgment should be entered in the amounts discussed below.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## I. Background

Plaintiff works for Defendant as a delivery driver. In July 2023, she was admitted to the hospital for a severe allergic reaction. (Doc. 1 ¶ 8.) After several days in the intensive care unit, Plaintiff contacted Defendant and sought FMLA leave. (*Id.* ¶ 9.) Her request was initially met with indifference—"Defendant . . . did not provide . . any FMLA paperwork, nor did it otherwise respond to her request." (*Id.*) But then Defendant's attitude turned outright hostile—"while on the phone with the Defendant on or about August 1, 2023, the Defendant [stated] 'Don't come in anymore. I'm trying to run a business here.'" (*Id.* ¶ 11.)

Plaintiff objected to her termination and provided a doctor's note. (Doc. 1 ¶ 12.) Defendant relented and rehired Plaintiff days later. (*Id.* ¶ 13.) But the reinstatement came with a cost. According to Plaintiff, Defendant "cut her hours and gave her the worst shifts which causes a substantial loss of income." (*Id.*)

As mentioned, Plaintiff sues under the FMLA. She alleges two claims: (1) interference, and (2) retaliation. Defendant never responded to the complaint, so a clerk's default was entered. Plaintiff now seeks a final default judgment because Defendant remains absent.

## II. Legal Standards

The Court may enter a default judgment against a party who was properly served but did not appear or respond. Fed. R. Civ. P. 55(b)(2). To do so, the Court must be convinced there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). In other words, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A complaint meets this bar when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A default is not "an absolute confession by the defendant of . . . the plaintiff's right to recover." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, even when there is a default, "the [p]laintiff bears the burden of demonstrating that it is entitled to the relief it seeks." *Branch Banking & Tr. Co. v. Recon Test Equip., Inc.*, No. 619CV624ORL78LRH, 2019 WL 13064728, at *2 (M.D. Fla. Nov. 26, 2019). "[A] plaintiff seeking default judgment must show the Court what [her] damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010). Put simply, when considering a motion for default judgment, the Court considers whether the pleadings provide a sufficient basis to award the relief

3

sought. *Bank of Am., N.A. v. M/V Triple Threat*, No. 3:13-CV-592-J-39JBT, 2014 WL 12872703, at *2 (M.D. Fla. Apr. 16, 2014).

### III. Discussion

**A. Personal Jurisdiction**

Essential to a valid claim is personal jurisdiction. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021). Thus, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue sua sponte." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010).

Amenability to jurisdiction is established here since Defendant is based in Florida and conducts business here. *See* Fla. Stat. § 48.193. Service is also proper. "While a plaintiff bears the ultimate burden of proving valid service of process, a return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary." *Robles-*

*Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. Dist. Ct. App. 2011). "Regular on its face" means the return of service attests to all the information required by the service statute. *Id.* at 180.

According to the return of service, a copy of the summons and complaint was personally delivered to Defendant's chief executive officer at its principal place of business. This is permissible. *See* Fed. R. Civ. P. 4(h)(1)(B) (a corporate defendant may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").

## B. Liability

With service out of the way, the next question is whether "the well-pleaded allegations in the complaint are sufficient to state a substantive cause of action." *Baker v. Advanced Imaging of Port Charlotte, LLC*, No. 217CV403FTM38MRM, 2018 WL 11414004, at *1 (M.D. Fla. Aug. 16, 2018).

An employee has the right to take FMLA leave if she suffers from a "serious health condition" that makes her "unable to perform the functions of [her] position." *Hurley v. Kent of Naples, Inc.*, 746 F.3d 1161, 1166 (11th Cir. 2014). As defined in the FMLA, "serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Here, Plaintiff has alleged claims for interference and retaliation. To establish an FMLA interference claim, the employee "need only show that [her] employer interfered with or denied him a FMLA benefit to which [she] is entitled." *Leach v. State Farm Mut. Auto. Ins. Co.*, 431 F. App'x 771, 776 (11th Cir. 2011); *see also Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1266-67 (11th Cir. 2008). "An interference claim has two elements: (1) the employee was entitled to a benefit under the FMLA; and (2) her employer denied her that benefit." *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). "The first element . . . subsumes several sub-elements," including "(1) that the defendant is a covered entity; (2) that the plaintiff is eligible for FMLA benefits; (3) that the plaintiff sought leave for a qualifying reason; and (4) that the plaintiff provided notice meeting certain criteria." *Moore v. GPS Hosp. Partners IV, LLC*, 383 F. Supp. 3d 1293, 1297, n.1 (S.D. Ala. 2019).

Meanwhile, to state a claim for retaliation under the FLMA, "an employee must allege that (1) [she] engaged in a statutorily protected activity; (2) [she] suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004).

Plaintiff's complaint (Doc. 1) contains the allegations required to state an FMLA claim under either or both theories pled. Plaintiff says she was

entitled to leave under the FMLA based on her serious health condition that required hospitalization. Further, according to the complaint, Plaintiff is a covered employee under the FMLA since she worked the requisite hours in the year before. *See, e.g., Godbee v. Sam's W., Inc.*, No. 21-60513-CIV, 2021 WL 9098061, at *5 (S.D. Fla. Oct. 26, 2021).

After suffering an allergic reaction and being hospitalized, Plaintiff disclosed her condition to Defendant and requested time off. Defendant responded by: (i) providing no FMLA paperwork or application, (ii) telling Plaintiff not to return, and (iii) eventually reinstating Plaintiff, but cutting her hours and giving her the worst shifts, which has caused a loss of income. Further, according to Plaintiff, these actions were in retaliation for requesting FMLA leave. This contention is supported by the timing and Defendant's alleged remarks: "Don't come in anymore. I'm trying to run a business here." Nothing more is needed to prevail on both FMLA claims. *See, e.g., Batson v. Salvation Army*, 897 F.3d 1320, 1323-26, 1329-32 (11th Cir. 2018) (involving interference and retaliation claims arising out of eliminating an employee's position and refusal to rehire); *Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1239-40 (11th Cir. 2010) (involving interference and retaliation claims arising out of an employee's demotion upon her return from FMLA leave); *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199,

1202-03, 1206 (11th Cir. 2001) (involving interference and retaliation claims arising out of an employee's termination after taking FMLA leave).

**C. Damages**

The Court must ensure there is a legitimate basis for the damages requested. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). It may not enter a damages award without a hearing unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). Thus, "a plaintiff seeking default judgment must show the Court what [her] damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010).

Plaintiff requests back-pay, liquidated damages, reinstatement (or front-pay), and attorney's fees. (*See* Doc. 10.)[2] These forms of relief are discussed in turn.

*1. Back-Pay*

Under the FMLA, an employer found to be in violation is liable to the employee for damages equal to "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation."

---

[2] Plaintiff says she will seek attorney's fees in a separate motion as required under the Local Rules. (Doc. 10 at 14.) So the Court does not address fees now.

29 U.S.C. § 2617(a)(1)(A)(i)(I). Plaintiff claims she missed five days of work following her unlawful termination. Using pay data from the years before, Plaintiff calculates she lost $465.00 in wages for these shifts. (Doc. 10, Doc. 10-1.)

As mentioned, Plaintiff also claims she lost hours and was "assigned … to far less profitable shifts" following her reinstatement. (Doc. 10 at 12.) Again, using past pay data, Plaintiff calculates that her new schedule is costing her $317.69 per month. Extrapolating that figure over the months since her reinstatement, Plaintiff seeks an additional $2,064.99 in lost wages. (*Id.*; Doc. 10-1.)

Because Defendant failed to participate in this case, Plaintiff's declaration is the best evidence of her compensatory damages. Accordingly, the Court should award her the $2,529.99 in lost wages and back-pay sought. *See Smith v. Magic Burgers LLC*, No. 5:23-CV-332-GAP-PRL, 2023 WL 9196714, at *2 (M.D. Fla. Nov. 16, 2023) (awarding compensatory damages in FMLA case without a hearing where the record presented a "straightforward basis for the damages claimed").

2. *Liquidated Damages*

Under the FMLA, a prevailing plaintiff is also entitled to recover "liquidated damages equal to the sum of the amount described in clause (i) [lost compensation] and the interest." 29 U.S.C. § 2617(a)(iii). "Liquidated damages

are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA." *Williams v. Crown Liquors of Broward, Inc.*, 880 F. Supp. 2d 1286, 1288 (S.D. Fla. 2012).

Since Defendant has not responded to this lawsuit, there is no basis to find that its actions were in good faith or reasonable. Plaintiff is thus entitled to liquidated damages in the amount of $2,529.99.

*3. Reinstatement or Front-Pay*

As mentioned, Defendant hired Plaintiff back within days of her recovery. And she remains employed with Defendant today. But, according to Plaintiff, she is now under-employed because Defendant "cut her hours and gave her the worst shifts." (Doc. 10 at 8.) Accepting these facts as true, which the Court must, Plaintiff is entitled to seek further equitable relief. *See, e.g.*, *Davis v. Munster Med. Rsch. Found., Inc.*, 213 F. Supp. 3d 1074, 1089 (N.D. Ind. 2016) ("Under the FMLA, an employee is ordinarily entitled to return to the same shift or the same or an equivalent work schedule." (citing 29 C.F.R. § 825.215).)

Aside from damages, the FMLA provides for "equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(B). Front pay is an equitable remedy available under the FMLA.

10

*Wai v. Fed. Exp. Corp.*, 461 F. App'x 876, 886 (11th Cir. 2012). But before awarding front pay, "the court must first consider whether reinstatement is viable." *Id.* "[U]nless the court finds that reinstatement is impracticable, we presume that reinstatement is the appropriate remedy." *Id.*

Several factors must be considered in deciding whether reinstatement is a proper remedy. *Wai*, 461 F. App'x at 886. These include "the length of prior employment, the permanency of the position held, the nature of the work, and the age and physical condition of the employee, along with other factors affecting the employer-employee relationship. Evidence of future employment prospects may also be considered." *Garcia v. Air Around the Clock, Inc.*, No. 13-60160-CIV, 2013 WL 12140962, at *1 (S.D. Fla. May 1, 2013).

There is nothing to suggest that reinstating Plaintiff to her past working conditions is unfeasible. Indeed, Plaintiff works for Defendant now in the same capacity she held before seeking FMLA leave. The only thing that would need to change is her schedule. *See Miller v. Miller Cnty., Ark.*, No. 06-CV-4094, 2009 WL 358271, at *3 (W.D. Ark. Feb. 11, 2009) ("[A]n employee is ordinarily entitled to return to . . . the same or an equivalent work schedule."). With no opposing argument from Defendant on this issue, the Court can only conclude that reinstatement is appropriate here.

## IV. Conclusion

For the above reasons, the Court finds Plaintiff has established violations of the FMLA. Further, based on the record, Plaintiff is entitled to the relief sought without an evidentiary hearing. Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Final Default Judgment (Doc. 10) be **GRANTED**, and the Clerk be directed to enter a default judgment against Defendant for $5,059.98;

2. The Court order Defendant to return Plaintiff to the same or an equivalent work schedule as she had before requesting FMLA leave;

3. The Court direct Plaintiff to move for attorney's fees and costs following entry of the default judgment in accordance with Local Rule 7.01.

**ENTERED** in Fort Myers, Florida on March 6, 2024.

Kyle C. Dudek
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.