UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLEEN HUDSON-REEVES,

        Plaintiff,

    v.

NEW YORK PIZZA & PASTA, INC.,
A FLORIDA CORPORATION,

        Defendant,

_____/

Case No. 2:23-cv-1058-JLB-KCD

## <u>ORDER</u>

Before the Court is Plaintiff Colleen Hudson-Reeves' Motion for Final Judgment on Garnishee, First Foundation Bank's Answer to Writ of Garnishment of Defendant New York Pizza & Pasta, Inc. (Doc. 28.)

Earlier this year, the Court entered a default judgment against Defendant for $10,989.98. (Doc. 21.) The Clerk then issued a Writ of Garnishment against First Foundation Bank. (Doc. 26.) The writ directed First Foundation Bank to serve an answer stating whether it was indebted to Defendant. (*Id.*) The Bank has since answered, claiming it holds $119,626.94 in Defendant's account. (Doc. 27 ¶ 2.)

Federal Rule of Civil Precure 69 provides that "proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida law provides procedures for obtaining a judgment against a

garnishee after a writ of garnishment is issued. First, the plaintiff must serve

by first-class mail:

> a copy of the writ of garnishment, a copy of the motion for writ of
> garnishment, and, if the defendant is an individual, the "Notice to
> Defendant" to the defendant's last known address within 5 business
> days after the writ is issued or 3 business days after the writ is served
> on the garnishee, whichever is later.

Fla. Stat. § 77.041(2). The plaintiff "shall file in the proceeding a certificate of

such service." *Id.*

Second, "[w]ithin 5 days after service of the garnishee's answer on the

plaintiff or after the time period for the garnishee's answer has expired" the

plaintiff must serve by mail:

> a copy of the garnishee's answer, and a notice advising the recipient
> that he or she must move to dissolve the writ of garnishment within 20
> days after the date indicated on the certificate of service in the notice if
> any allegation in the plaintiff's motion for writ of garnishment is
> untrue.

Fla. Stat. § 77.055. Again, the plaintiff "shall file in the proceeding a

certificate of such service." *Id.*

Plaintiff has not complied with these two statutory requirements. The

certificate of service for the pending motion and writ of garnishment (Doc. 23

at 3) do not state that the filings were served by *first class* mail, which the

statute specifically requires. And Plaintiff has not filed a certificate

evidencing that the garnishee's answer and the requisite notice were served

on Defendant in compliance with Fla. Stat. § 77.055. Thus, Plaintiff's Motion

(Doc. 28) is **DENIED WITHOUT PREJUDICE** to be refiled in compliance with Florida law.

      **ORDERED** in Fort Myers, Florida on March 26, 2025.

Kyle C. Dudek
United States Magistrate Judge