UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLEEN HUDSON-REEVES,

      Plaintiff,

v.

                                Case No. 2:23-cv-1058-JLB-KCD

NEW YORK PIZZA & PASTA, INC.,
A FLORIDA CORPORATION,

      Defendant,
_____/

## ORDER

Before the Court is Plaintiff Colleen Hudson-Reeves' Second Motion for Final Judgment on Garnishee First Foundation Bank's Answer to Writ of Garnishment. (Doc. 32.)[1]

Earlier this year, the Court entered a default judgment against Defendant for $10,989.98. (Doc. 21.) The Clerk then issued a Writ of Garnishment against First Foundation Bank. (Doc. 26.) The writ directed First Foundation Bank to serve an answer stating whether it was indebted to Defendant. (*Id.*) The Bank has since answered, claiming it holds $119,626.94 in Defendant's account. (Doc. 27 ¶ 2.)

Federal Rule of Civil Procedure 69 provides that "proceedings supplementary to and in aid of judgment or execution ... must accord with the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida law provides procedures for obtaining a judgment against a garnishee after a writ of garnishment is issued. *See* Fla. Stat. Ch. 77.

The Court denied Plaintiff's first motion for failure to comply with two statutory notice requirements—Fla. Stat §§ 77.041(2) and 77.055. (Doc. 29.) Plaintiff has complied with § 77.041 (*see* Docs. 31, 32), but not § 77.055.

Section 77.055 provides that "[w]ithin 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired," the plaintiff must serve by mail:

> *a copy of the garnishee's answer*, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee.

Fla. Stat. § 77.055 (emphasis added). Then, the plaintiff "shall file in the proceeding a certificate of such service." *Id.*

Plaintiff has not filed a certificate of service evidencing that the garnishee's answer (Doc. 27) was served on Defendant by mail in compliance with § 77.055. And without such a certificate, the Court cannot enter a judgment on the garnishee. Florida law requires garnishment statutes to be strictly construed. *Gigliotti Contracting North, Inc. v. Traffic Control*

*Products of N. Fla., Inc.*, 788 So. 2d 1013, 1016 (Fla. Dist. Ct. App. 2001). Thus, the motion (Doc. 32) is **DENIED WITHOUT PREJUDICE** to be refiled in compliance with Florida law.

**ORDERED** in Fort Myers, Florida on May 16, 2025.

Kyle C. Dudek
United States Magistrate Judge