UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLEEN HUDSON-REEVES,

       Plaintiff,

v.

NEW YORK PIZZA & PASTA, INC.,
A FLORIDA CORPORATION,

       Defendant,

Case No. 2:23-cv-1058-JLB-KCD

_____/

# REPORT & RECOMMENDATION

Before the Court is Plaintiff Colleen Hudson-Reeves' Motion for Final Judgment on Garnishee, First Foundation Bank's Answer to Writ of Garnishment. (Doc. 35.)[1] Defendant failed to respond. For the reasons below, the motion should be **granted**.

Earlier this year, the Court entered a default judgment against Defendant for $10,989.98. (Doc. 21.) The Clerk then issued a Writ of Garnishment against First Foundation Bank. (Doc. 26.) The writ directed First Foundation Bank to serve an answer stating what personal property of Defendant (if any) it had. (*Id.*) The Bank has since answered. (Doc. 27.) Its answer states that the Bank holds $119,626.94 in Defendant's account. (*Id.* ¶ 2.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Federal Rule of Civil Procedure 69 provides that "proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida law provides procedures for obtaining a judgment against a garnishee after a writ of garnishment is issued. First, the plaintiff must serve by first-class mail:

> a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later.

Fla. Stat. § 77.041(2). Plaintiff shall also "file in the proceeding a certificate of such service." *Id.*

Second, "[w]ithin 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired," the plaintiff must serve by mail:

> a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.

Fla. Stat. § 77.055. Again, the plaintiff "shall file in the proceeding a certificate of such service." *Id.*

Third, if the defendant fails to move to dissolve the writ, "[j]udgment against the garnishee on the garnishee's answer . . . shall be entered for the

2

amount of his or her liability as disclosed by the answer[.]" Fla. Stat. § 77.083. "No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee." *Id.*

Plaintiff has properly followed this procedure. Plaintiff obtained a judgment against Defendant, and the Clerk issued a writ of garnishment to First Foundation Bank. (Doc. 26.) Plaintiff filed a certificate of service stating that it served Defendant the writ, the motion, First Foundation's answer, and the "Notice to Defendant" by first-class mail. (Doc. 34). According to the certificate of service, Plaintiff served the documents on April 4, 2025, which is outside the 5-day requirement of Fla. Stat. §§ 77.041 and 77.055. (Doc. 35.) But the motion should still be granted because Defendant did not raise the untimely notice as an objection, waiving the issue. *See Giron v. Loving Care Ret. Servs., Inc.*, No. 07-23309-CIV, 2009 WL 10712145, at *1 (S.D. Fla. Sept. 15, 2009) ("Under Florida law, . . . a non-jurisdictional statutory notice requirement may be waived by the defendant's failure to raise lack of notice as a defense.").

Plaintiff then filed and served by mail a notice that included a copy of First Foundation's answer and advised Defendant that it must move to

3

dissolve the writ within 20 days. (Doc. 34). Defendant failed to timely move to dissolve. So Plaintiff is entitled to a judgment against the garnishee.

Plaintiff also seeks $190 in costs, which comprises the $100 statutory fee she paid to First Foundation Bank (Doc. 27 ¶ 4); *see* Fla. Stat. § 77.28, and the $90 she paid for service of the writ (Doc. 28-1, invoice). (Doc. 35 ¶ 4.) Courts have the discretion to award attorney's fees and costs to a party in garnishment actions. *See Zelaya/Cap. Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1305 (11th Cir. 2014) ("Florida courts have held that a trial court may award attorney fees and costs in a garnishment action to a party in its discretion even where there is no prevailing party."). With no opposition, the costs should be awarded.

Accordingly, it is **RECOMMENDED**:

(1) Plaintiff Colleen Hudson-Reeves' Motion for Final Judgment on Garnishee, First Foundation Bank's Answer to Writ of Garnishment of Defendant New York Pizza & Pasta, Inc. (Doc. 35) be **GRANTED**.

(2) The Clerk be **DIRECTED** to enter final judgment against garnishee First Foundation Bank in the amount of $11,179.98.

(3) Garnishee be directed to pay Plaintiff the amount withheld under the writ. Garnishee must work with Plaintiff's counsel to determine the method of payment.

**ENTERED** in Fort Myers, Florida on June 3, 2025.

Kyle C. Dudek
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.